

RECEIVED
USDC ... DISTRICT OF LA
ROGER ... HEMWELL, CLERK
DATE __1_/_15_/_09_
6B

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | |
|---|---|
| LANE B. WHITE<br>    Fed. Reg. No. 12341-035<br>VS. | DOCKET NO. 2:04-CR-20076<br>                2:07-CV-1274<br>SECTION P |
| UNITED STATES OF AMERICA | CHIEF JUDGE HAIK |

## REASONS FOR JUDGMENT AND JUDGMENT

Lane B. White filed the instant *pro se* Motion to Vacate Sentence pursuant to 28 U.S.C. §2255 on July 30, 2007. [rec. doc. 61] He filed subsequent related motions and memoranda on December 21, 2007, April 1, 2008, and July 10, 2008. [rec. docs. 65, 70, 72] He collaterally attacks the 180 month sentence which was imposed by this Court on November 1, 2005 following his 2005 conviction for possession of a firearm by a convicted felon (18 U.S.C. §922(g)(1) and 924(e)(1)) and the determination that he should be sentenced as an "armed career criminal."

### *Background*

On June 9, 2004 White was indicted and charged with being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1) and (e)(4). [rec. doc. 1] On March 10, 2005 he pled guilty to the charge and confirmed his guilt in a signed factual stipulation. [rec. docs. 46-47; Plea Transcript]

The Pre-Sentence Investigation Report (PSR) revealed, among other things, that White had "...three previous convictions ... for ... serious drug offense[s]..." and therefore he should be considered and sentenced as an "armed career criminal" pursuant to Section 4B1.4(a) of the United States Sentencing Guidelines. [See PSR, ¶¶20-22; see also Sentencing Transcript]

Based upon the information contained in the PSR, and based on the evidence that established that White was subject to being sentenced as an "armed career criminal," the mandatory minimum sentence of 180 months imprisonment was imposed. [Sentencing Transcript; rec. doc. 53]

White appealed his sentence to the Fifth Circuit Court of Appeal where he argued that he was not subject to the "armed career criminal" enhancement, as his two prior drug convictions should be considered a single offense. White also argued that the district court could not make any findings regarding his prior convictions without violating his Sixth Amendment rights.  On September 19, 2006, the Fifth Circuit affirmed his conviction. *United States v. White*, 465 F.3d 250 (5th Cir. 2006). *Certiorari*  was denied by the Supreme Court on January 22, 2007. *White v. United States*, 549 U.S. 1188, 127 S.Ct. 1167, 166 L.Ed.2d 1009 (2007).

White filed the instant Motion to Vacate on July 30, 2007 [rec. doc. 61] and supplemented his motion in pleadings filed on December 21, 2007 [rec. doc. 65], April 1, 2008 [rec. doc. 70], and, July 10, 2008 [rec. doc. 72].  White argues two claims for relief: (1) ineffective assistance of counsel based on counsel's failure to produce transcripts and records from the state court proceeding which would have demonstrated the consolidation of two of the serious drug offenses and which therefore would have established that he was not subject to the minimum mandatory sentence based on the court's determination that he was an "armed career criminal;" and, (2) ineffective assistance of counsel for failing to challenge the Criminal History Score in the PSR; and, (3) the Court erred when it determined that White was an "armed career criminal" and subject to the mandatory minimum sentence requirements of the statute.

In due course, the government was directed to respond to the Motion and did so on

2

November 7, 2008. [rec. doc. 74] White traversed the government's response on November 21, 2008. [rec. doc. 75]

## *Law and Analysis*

### *1. Scope of Review*

A federal prisoner may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C §2255 on one or more of the following grounds: (1) the sentence was imposed in violation of the Constitutional or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *United States v. Cates*, 952 F.2d 149, 151 (5th Cir.), *cert. den.*, 504 U.S. 962, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992). The § 2255 relief available through the district court of conviction is commensurate or consistent with that of the traditional writ of *habeas corpus* which typically was filed in the court having jurisdiction over the petitioner's custodian. *Cates*, 952 F.2d at 151, citing *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct., 468, 470-71, 7 L.Ed.2d 417 (1962); also, *United States v. Placente*, 81 F.3d 555, 558 (5th Cir.1996).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992), citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981); see also, *United States v. Ressler*, 54 F.3d 257, 259 (5th Cir.1995).

In short, the remedy provided through collateral challenge process of §2255 is no

3

substitute for an appeal. After conviction and exhaustion and waiver of any right to appeal, federal courts are "... entitled to presume that [the defendant] stands fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir.1991), *cert. den.*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992) (quoting *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982).

## 2. Armed Career Criminal – Substantive Issue

White argues that the Court erred when it determined that he was an "armed career criminal." This issue was fully litigated on appeal and decided adversely to White's position. See *United States v. White*, 465 F.3d 250 (5th Cir. 2006). Claims that have been raised and fully litigated on direct review need not be considered on collateral review. See *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986), citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir.1980). Therefore, to the extent that White seeks to relitigate the merits of the armed career criminal issue, his claim must be denied.

## 3. Ineffective Assistance of Counsel

That does not end our inquiry, however, because White also raises the armed career criminal claim in the context of his ineffective assistance of counsel claim. Claims of ineffective assistance of counsel are appropriate for §2255 review. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). In order to prevail, the movant must establish (1) that counsel's actions fell below an objective standard of reasonableness, and, (2) that he was prejudiced by counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

White faults counsel for failing to present the transcripts and other records of the

4

Louisiana court convictions that were used by the Court to determine his status as an armed career criminal. This claim is without merit. The Court was made aware of White's theory that his Louisiana convictions for distribution of marijuana and distribution of cocaine should be viewed as only one violation; this theory was advanced by counsel in his objection to the PSR and argued by him throughout the sentencing hearing. [See Sentencing Transcript, pp. 4-9]

The introduction of transcripts or other documents associated with the Louisiana convictions would have made no difference. As noted by the Fifth Circuit, White was properly determined to be an armed career criminal based on his prior violations[1] and there was no other

---

[1] As noted by the Court, "It is well established in this circuit that '[m]ultiple convictions arising from the same judicial proceeding but separate criminal transactions constitute multiple convictions for purposes of § 924(e).' *United States v. Ressler*, 54 F.3d 257, 259 (5th Cir.1995). Thus, the fact that White's drug charges were tried together is irrelevant to the determination of whether his actions constituted two criminal transactions. Ultimately, '[t]he critical inquiry when deciding whether separate offenses occurred on 'occasions different from one another' for purposes of ACCA is whether the offenses occurred sequentially.' *United States v. Fuller*, 453 F.3d 274, 278 (5th Cir.2005)(citing *Ressler*, 54 F.3d at 260). This court has long held that crimes that are 'distinct in time' are properly treated as separate criminal transactions for the purposes of § 924(e). See, e.g., *United States v. Barr*, 130 F.3d 711, 712 (5th Cir.1997)(two drug sales to same buyer separated by a day counted as two criminal transactions); *Ressler*, 54 F.3d at 260 (burglary and later stabbing of pursuer approximately ten minutes later were two criminal transactions); *United States v. Washington*, 898 F.2d 439, 442 (5th Cir.1990)(two robberies committed against same victim 1 ours apart were two criminal transactions).

White acknowledges this precedent, but he urges the distinction that he allegedly agreed to sell cocaine to an informant at the same time he in fact sold marijuana. He thus argues that his subsequent delivery of cocaine was part of a single transaction. This argument must be rejected; *Ressler* and *United States v. Cardenas*, 217 F.3d 491 (7th Cir.2000), a Seventh Circuit case whose facts are nearly identical to this case, are instructive. In *Ressler*, the defendant argued that because he stabbed his victim in the course of fleeing the scene of his earlier crime, his two crimes were part of the same transaction. However, the court noted that Ressler was 'free to cease and desist from further criminal activity' after fleeing the scene of his crime, yet he made the independent decision to attack a good Samaritan who attempted to detain him. *Ressler*, 54 F.3d at 260. Similarly, in *Cardenas*, the defendant sold crack cocaine to informants, agreed to sell more if the buyers were satisfied with their first purchase, and returned forty-five minutes later to complete a second sale; because the first sale was not contingent upon the second, and the defendant 'had plenty of time to change his mind, to cease and desist, and to refuse to sell to the informants,' the court determined that Cardenas had partaken in two criminal transactions. *Cardenas*, 217 F.3d at 492. In the instant case, long after he completed his sale of marijuana, White committed the new offense of selling cocaine. White had five days to decide against selling cocaine, but he elected to commit an additional crime. As White's conviction for the sale of cocaine was distinct in time from his conviction for the sale of marijuana, the district court did not err in holding that White had committed two 'serious drug offenses' for the purposes of § 924(e)." *United States v. White*, 465 F.3d at 253-54.

evidence or argument that counsel could have made to change or otherwise effect the situation. In short, White has shown neither deficient performance nor prejudice and therefore his claim of ineffective assistance of counsel must also fail.

### 3. Ineffective Assistance of Counsel – Failure to Challenge Criminal History Score

Finally, White argues that counsel was ineffective for failing to challenge the Criminal History Score in the PSR. As noted by the government, this claim is without merit because the Criminal History Score was ultimately determined based on the armed career criminal finding. In other words, there was no basis for an objection, and counsel cannot be faulted for failing to raise a meritless claim. *Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995).

### 4. Conclusion and Judgment

White's claims for relief are either not subject to review in this proceeding or devoid of merit, therefore,

**IT IS ORDERED** that the Motion to Vacate filed pursuant to 28 U.S.C. §2255 on July 30, 2007 and, his various supplemental motions filed thereafter [rec. docs. 61, 65, 70, and 72] be **DENIED** and **DISMISSED WITH PREJUDICE.**

In Chambers, Lafayette, Louisiana _____ January 15th _____, 2009.

_____
RICHARD T. HAIK, SR.
CHIEF JUDGE

6