**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 04-20076 (01) |
| VERSUS | JUDGE ROBERT G. JAMES |
| LANE B. WHITE | MAGISTRATE JUDGE KATHLEEN KAY |

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Lane B. White ("White"). [Rec. Docs. 101, 104]. For the reasons assigned herein, Petitioner's motion is hereby **DISMISSED**.

**BACKGROUND INFORMATION**

On June 9, 2004, White was indicted and charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [Rec. Doc. 1]. On March 10, 2005, White entered a plea of guilty. [Rec. Doc. 46]. On November 1, 2005, White was sentenced to 180 months imprisonment, followed by three years of supervised release. [Rec. Doc. 54]. White's sentence was enhanced under the provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). *See id.* The ACCA enhancement was based on White's three prior Louisiana felony convictions, including two convictions for drug distribution, and one conviction for "aggravated battery with a dangerous weapon." [PSR at ¶¶ 26 - 28]. White filed a direct appeal of his sentence, which was affirmed. [Rec. Docs. 55, 59]. Thereafter, on January 22, 2007, White's petition for writ of certiorari before the United States Supreme Court was denied. [Rec. Doc. 60].

On July 30, 2007, White filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel related to the imposition of the ACCA sentence enhancement.

[Rec. Doc. 61]. On January 15, 2009, the Court denied White's motion. [Rec. Doc. 76]. On September 11, 2009, the Fifth Circuit denied White's request for a certificate of appealability. [Rec. Doc. 87].

In 2016, White requested permission from the Fifth Circuit to file a successive 28 U.S.C. § 2255 petition to challenge his ACCA sentencing enhancement following the Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S.Ct. 2551 (2015). White also requested permission to present a due process argument regarding the sentencing court's evaluation of his criminal history pursuant to *United States v. Hernandez-Rodriguez*, 788 F.3d 193 (5th Cir. 2015). On May 25, 2016, the Fifth Circuit granted White permission to proceed with respect his *Johnson* claim, but denied White's request as to *Hernandez-Rodriguez*. [Rec. Doc. 97]. The Fifth Circuit instructed this Court to dismiss White's motion without reaching the merits if he fails to demonstrate that a new constitutional law, made retroactive, applies to his case pursuant to 28 U.S.C. § 2244(b)(4). *See id.*

On July 25, 2016, White filed his successive 28 U.S.C. § 2255 petition with this Court. [Rec. Doc. 101]. On August 12, 2016, White filed an amended petition. [Rec. Doc. 104].[1] The Court issued standard administrative orders applicable to all cases potentially impacted by *Johnson*, and the federal public defender was appointed to represent White. [Rec. Docs. 107, 108]. Consistent with the Court's standard administrative order, this matter was stayed to allow additional time to develop the record and receive additional instruction from the higher courts.

---

[1] White's amended petition contains arguments related to his sentencing under the United States Sentencing Guidelines ("U.S.S.G."). [Rec. Doc. 104]. The Fifth Circuit only granted White permission to pursue his *Johnson* based claims. The Supreme Court has held that the constitutional concerns regarding "void for vagueness" found in *Johnson* do not apply to the sentencing guidelines. *See Beckles v. United States*, __ U.S.__, 137 S.Ct. 886, 895 (2017). Accordingly, this Court is without jurisdiction to consider such arguments.

*See id.* On May 24, 2018, the government and the petitioner were provided briefing deadlines. [Rec. Doc. 112]. Both parties filed their respective briefs. [Rec. Docs. 113, 114, 115].

The Court notes that on December 13, 2018, White completed his term of imprisonment and was released from detention. *See* https://www.bop.gov/inmateloc. However, White remains subject to a three-year term of supervised release. The Fifth Circuit has determined that a petitioner's section 2255 motion is not necessarily moot when he remains on supervised release. *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (citation omitted). If a petitioner has served excess prison time a court may choose to reduce the period of supervised release, which prevents a finding that the petition is moot. *See id.* "[A]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016) (quoting *Knox v. Serv. Employees Int'l Union, Local 1000*, 567 U.S. 298, 307-08, 132 S.Ct. 2277, 2287 (2012)). Because White has alleged that his sentence was excessive in light of *Johnson*, White's petition is not moot and the Court will proceed with its analysis.

## LAW AND ANALYSIS

A successive section 2255 petition must meet certain procedural requirements before a district court may reach the merits of the application. *See* 28 U.S.C § 2244(b), 28 U.S.C. § 2255(h); *Reyes-Requena v. United States*, 243 F.3d 893, 896-900 (5th Cir. 2001). A petitioner must clear two "gates" before a successive petition may properly be heard on the merits. *See Reyes-Requena*, 243 F.3d at 899. First, the petitioner must make a prima facie showing that his successive petition relies on either (1) a new constitutional law made retroactive on collateral review, or (2) clear and convincing newly discovered evidence demonstrating that no reasonable fact finder would have found him guilty but for error. *See* 28 U.S.C. § 2244(b)(2), (3)(A).

Second, the petitioner must actually prove that his petition relies upon retroactive constitutional law or new evidence. *See* 28 U.S.C. § 2244(b)(2), (4). In this instance, the Fifth Circuit has determined that the first gate has been cleared. [Rec. Doc. 97]. It is this Court's task to determine if White can clear the second gate.

White argues in his petition that he is entitled to relief from his ACCA sentencing enhancement under 18 U.S.C. § 924(e) following the Supreme Court's decision in *Johnson*. [Rec. Docs. 101, 104]. The ACCA provides that a person who possesses a gun in violation of section 922(g) and has three previous convictions for a "violent felony" or a "serious drug offense" is subject to a higher sentencing range than would originally apply. As defined by 18 U.S.C. § 924(e)(2)(B), "the term 'violent felony' means any crime […] that-- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (emphasis added).

In *Johnson*, made retroactively applicable in *United States v. Welch*, __ U.S. __, 136 S.Ct. 1257 (2016), the Supreme Court held that the residual clause (italicized above) is unconstitutionally vague because it invites arbitrary enforcement and fails to give fair notice of the conduct it punishes. *See Johnson*, 135 S.Ct. at 2557, 2563. Thus, a conviction based on the residual clause of section 924(e)(2)(B)(ii) violates a defendant's right to due process. *See id.* at 2563. Importantly, *Johnson* did "not call into question" the remainder of the ACCA, including the definition of "violent felony" as set forth in the elements clause, or the enumerated offenses (i.e. burglary, arson, extortion, or use of explosives). *See id.*; *United States v. Jeffries*, 822 F.3d 192, 193 (5th Cir. 2016). Thus, after *Johnson* the Court may only apply the ACCA enhancement

4

where a "violent felony is one of a number of enumerated offenses (i.e. burglary, arson, extortion, or use of explosives) or a felony that 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'" *United States v. Moore*, 711 F. App'x 757, 759 (5th Cir. 2017) (quoting section 924(e)(2)(B)).

To determine whether White is entitled to relief under *Johnson*, the Court must ascertain whether the sentencing court relied on the residual clause of the ACCA. *See United States v. Wiese*, 896 F.3d 720, 724 (5th Cir. 2018), *petition for cert. filed* (Dec. 26, 2018) (No. 18-7252). If the sentencing court relied on the residual clause, then *Johnson* provides a jurisdictional predicate to consider the merits of the motion. *See id.* If the sentencing court relied on the elements clause or if the conviction was properly considered as an enumerated offense (i.e. burglary, arson, extortion, or use of explosives), then *Johnson* would not offer relief. *See id.* In making this determination the Court "must look to the law in place at the time of sentencing to determine whether a sentence was imposed under the [] residual clause." *Id.* (citations omitted). To examine whether there was potential reliance on the residual clause, the Court may examine (1) the sentencing record for direct evidence of a sentence, (2) the relevant legal environment existing at the time, (3) the presentence report, and (4) other materials available to the sentencing court. *See id.* at 725 (citations omitted). While the Fifth Circuit has not decided the precise burden a defendant must meet, it has required defendants to demonstrate that the sentencing court "may have" relied on the residual clause. *See United States v. Castro*, No. 17-40312, 2018 WL 6070373, at *2 (5th Cir. Nov. 20, 2018), *petition for cert. filed* (Jan. 25, 2019) (No. 19-7577).

White was sentenced on November 1, 2005. [Rec. Docs. 53, 54]. The Court has reviewed the transcript of the sentencing hearing held in this matter. [Rec. Doc. 119]. The

5

sentencing court received and filed into the record documentary evidence of White's three prior state felony convictions. [Rec. Doc. 53, Ex. 1]. The sentencing court determined that White's two state court drug offenses met the statutory definition of "serious drug offense" as defined by 28 U.S.C. § 924(e)(2)(A), which is not affected in any manner by *Johnson*. [Rec. Doc. 119 at 9]. As to White's conviction for aggravated battery, the sentencing court did not specify whether the crime was considered a "violent felony" under the elements clause or residual clause of the ACCA. *See id.* [2] [3]

Both the government and White agree that the record is silent regarding the sentencing court's consideration of the aggravated battery claim. However, the government argues that White's conviction for aggravated battery would have been evaluated under the elements clause of section 924(e) because an element of the crime of aggravated battery is the use, attempted use, or threatened use of physical force against another. [Rec. Doc. 114 at 5]. Conversely, White argues that the sentencing court could have utilized the residual clause because the crime presents a serious potential risk of physical injury to another. [Rec. Doc. 115 at 3].

In 1988, the year of White's aggravated battery conviction, Louisiana defined a "battery" as follows:

> Battery is the intentional use of force or violence upon the person of another; or the intentional administration of a poison or other noxious liquid or substance to another.

---

[2] A review of the sentencing transcript reveals that White's attorney and the sentencing court were much more concerned with whether his two drug distribution convictions should be considered a single drug transaction given the underlying facts of the case. [Rec. Doc. 119 at 5, 9, 15].

[3] The presentence report indicates that White's aggravated battery conviction involved the shooting of another individual with a shotgun. [PSR at ¶ 26].

6

La. Rev. Stat. 14:33 (1988). An aggravated battery in Louisiana was defined as "a battery committed with a dangerous weapon." La. Rev. Stat. 14:34 (1988).

The Court has been unable to locate a Fifth Circuit case prior to White's 2005 sentencing that directly considered whether Louisiana's aggravated battery statute is a violent felony under the elements clause or residual clause of section 924(e).[4] However, in *United States v. Rasco*, 123 F.3d 222 (5th Cir. 1997), the Fifth Circuit considered whether a Louisiana aggravated battery was a "serious violent felony" under the "three strikes" law pursuant to 18 U.S.C. § 3559. The "three strikes" statute defines "serious violent felony" to include both enumerated offenses as well as "any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threated use of physical force against the person of another or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense." *Id.* at 226 (citing 18 U.S.C. § 3559(a)). In considering the constitutionality of section 3559, the Fifth Circuit, in dicta, stated "[a]ggravated battery thus is a felony under Louisiana law and 'has as an element the use, attempted use, or threated use of physical force against the person of another' as required by § 3559(c)(2)(F)(ii)." *Id.* at 227 (quotation omitted). This language is identical to the elements clause of section 924(e). The government argues that *Rasco* was sufficient precedent at the time of White's sentencing to establish that the sentencing court would have utilized the elements clause. [Rec. Doc. 113 at 21]. This Court agrees that the *Rasco* case would have been persuasive authority for the sentencing court in 2005, suggesting that the White's sentence would have been imposed under the elements clause.

---

[4] The Court is not alone in this conclusion. Neither the government nor White found a case directly on point. [Rec. Docs. 113 at 20-21; 115 at 4].

7

Since White's sentencing, the Fifth Circuit has addressed whether a conviction under Louisiana's aggravated battery statute supports a sentencing enhancement. In 2011, six years after White's sentencing, the Fifth Circuit examined La. Rev. Stat. 14:34 in relation to a conviction for aggravated battery with a motor vehicle. *See United States v. Moore*, 635 F.3d 774 (5th Cir. 2011).[5] Therein, the panel found that even if it assumed arguendo that a Louisiana aggravated battery with a motor vehicle did not qualify as an enumerated offense or under the elements clause, it was "indisputably a crime of violence under the residual clause []." *Id.* at 777. In 2014, nine years after White's sentencing, the Fifth Circuit characterized the language in *Rasco* regarding the elements clause as a "passing statement" that was not controlling because *Rasco* had not squarely challenged whether a Louisiana aggravated battery conviction satisfied the "use of force" prong under section 3559(c)'s definition of "serious violent felony." *See United States v. Herrera-Alvarez*, 753 F.3d 132, 136-37 (5th Cir. 2014). However, the same panel employed the modified categorical approach and held that a Louisiana aggravated battery, committed by a means other than poisoning, contained the necessary force elements to qualify under the elements clause. *See id.* at 135.

Shortly thereafter, the Fifth Circuit considered whether a sentencing enhancement based on a Louisiana aggravated battery conviction was appropriately considered a crime of violence where the underlying charging documents were unavailable for the court to identify whether the conviction was based on the intentional use of force or administration of a poison. *See United States v. Hernandez-Rodriguez*, 788 F.3d 193 (5th Cir. 2015). When the Fifth Circuit examined the complete statute, it found that the least culpable means of violation (poisoning) fell outside of

---

[5] The *Moore* case examined whether a Louisiana aggravated battery conviction qualified as a crime of violence under United States Sentencing Guideline § 4B1.2(a). However, because of the similarities between U.S.S.G. §§ 2L1.2(b)(1)(A), 4B1.2(a), 4B1.4(a), and 18 U.S.C. 924(e), the provisions are considered interchangeable. *Moore*, 635 F.3d at 776.

8

the generic definition of aggravated assault, such that a conviction under the statute should not be considered a crime of violence as a matter of law. *See id.* at 200.

In November 2018, the Fifth Circuit took a fresh look at what constitutes a violent felony or crime of violence. *See United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018) (en banc). In *Reyes-Contreras*, the court held that there is no valid distinction between direct or indirect force, such as poisoning, for purposes of determining whether an offense is a crime of violence. *Id.* at 182 (citing *United States v. Castleman*, 572 U.S. 157, 170, 134 S.Ct. 1405, 1414-15 (2014)). The court also found that the "use of force" requirement does not require intent to use force, and may also include knowing or reckless conduct. *Id.* at 183 (citing *Voisine v. United States*, __ U.S. __, 136 S.Ct. 2272, 2279 (2016)). The decision concluded by overruling numerous cases, in whole or in part, including *Hernandez-Rodriguez* and *Herrera-Alvarez* discussed above. *See id.* at 187. In the opinion of this Court, the result of *Reyes-Contreras* is that a conviction under Louisiana's aggravated battery statute is properly considered a violent felony under the elements clause of section 924(e) because the offense requires the use, attempted use, or threated use of force (direct or indirect) against another.

Because it is the Petitioner's burden to demonstrate that the sentencing court "may have" relied on the residual clause, the Court must find that the burden has not been met. White has offered no evidence to suggest that the sentencing court relied upon or even considered the residual clause. The legal environment existing in 2005 includes persuasive Fifth Circuit language found in *Rasco*. Moreover, if considered today, the holding in *Reyes-Contreras* suggests that White's conviction would be considered under the elements clause.

The Court must find that *Johnson* does not apply. Because *Johnson* does not offer an avenue for relief, White has failed to demonstrate that his section 2255 petition relies upon a

previously unavailable rule of constitutional law. *See* 28 U.S.C. § 2244(b)(4). *Johnson* cannot serve as a jurisdictional predicate to allow this Court to consider the merits of White's petition. *See Wiese*, 896 F.3d at 726. Accordingly, White's petition must be dismissed.

## CONCLUSION

For the reasons assigned herein, White's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Rec. Docs. 101, 104] is hereby **DISMISSED**.

**THUS DONE AND SIGNED**, in Monroe, Louisiana, this 21st day of February, 2019.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE